might decide the case. As put by the defendants, Ms. Johnson's "sole experience was at a different, lower and less complicated, level of responsibility within a union hierarchy, thus not equipping her for the required analysis." Therefore, the trial court's decision to permit Ms. Johnson to testify as an expert on the matters as to which her opinions were elicited was "manifestly erroneous." *See Boleski, supra,* at 71.

Nor can it properly be argued that allowing Ms. Johnson to testify was but harmless error. Even if we accept that, with her testimony eliminated, the other evidence nevertheless sufficed to support the jury verdict, still, by presenting her as an expert in the labor relations field the district court conferred an apparent, but unjustified dignity and force to testimony by her that never should have been admitted at all. She simply was not qualified to opine that the national Union inadequately considered the request for further pursuit of the grievance. The inherent possibility of prejudice as a result of the jury's giving credence to her testimony is apparent.

Therefore, in my judgment, we should reverse so that the case might be fairly retried.

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Farias RIOJAS,
Defendant-Appellant.**

No. 80–1437
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

Feb. 9, 1981.

Lucien B. Campbell, Federal Public Defender, San Antonio, Tex., C. Larry Mathews, Jr., 1st Asst. Federal Public Defender, El Paso, Tex., for defendant-appellant.

LeRoy M. Jahn, Asst. U. S. Atty., San Antonio, Tex., Drew S. Days, III, Asst. Atty. Gen., Jessica Dunsay Silver, Vincent F. O'Rourke, Jr., Dept. of Justice, Appellate Section, Civ. Rights Div., Washington, D. C., for plaintiff-appellee.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

PER CURIAM:

Appellant Riojas pleaded guilty to violating 18 U.S.C. § 241 by conspiring with two correctional officers of the Bexar County jail in San Antonio, Texas, and others to deprive a prisoner in the jail of his constitutional right to be free from harm while in official custody. The conspiracy resulted in the murder of the prisoner.

It was charged that appellant paid the officers to move the prisoner into a cell

where appellant's coconspirators could attack and kill him for appellant's personal reasons. The two correctional officers of the jail which appellant was alleged to have bribed were acquitted upon trial.

Appellant now appeals his sentence on the ground that the acquittal of the two jail employees removed state action from the case and therefore there could be no federal offense under § 241.

This contention must fail. It is well established that the acquittal of coconspirators or coparticipants in a crime does not prove that the crime did not occur. *Rosecrans v. United States*, 378 F.2d 561, 567 (5th Cir. 1967). Nor does it bar the United States government from charging that appellant conspired with the acquitted state employees. *Standefer v. United States*, 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980).

Appellant pleaded guilty after a thorough hearing and under a plea bargain agreement. The acquittal of the two jailers, therefore, does not control his admission of guilt of the offense of conspiring with the two correctional officers and others to bring about the harm to the murdered prisoner. As Judge Phillips said in *Rosecrans, supra*, "The subsequent acquittal of . . . codefendants does not constitute a refutation of Rosecrans' guilt, which he solemnly admitted by his plea of guilty. Such acquittal may have been the result of the failure of the United States to produce evidence at the trial satisfying the jury of codefendants' guilt beyond a reasonable doubt, or because of other reasons." 378 F.2d at 657.

AFFIRMED.